BAEHMANN, Appellant, vs. BAEHMANN, Respondent.

*May 5—June 2, 1953.*

For the appellant the cause was submitted on the brief of *J. E. O'Brien* of Fond du Lac.

For the respondent there was a brief and oral argument by *Jerold E. Murphy* of Fond du Lac.

FRITZ, C. J.   Upon the conclusion of the trial, the court found and stated in its decision that: The parties were married on August 25, 1945, which was the first time the defendant married but the fourth marriage of the plaintiff, who owned some money at the time of the marriage—the exact amount of which does not appear in the record. Shortly prior to the marriage of the parties, the defendant sold a farm which he owned in the town of Ripon, and he received the net amount of $3,000 which he invested in a farm in the town of Taycheedah, which he purchased for $14,250. The purchase of said farm was not finally completed until after the marriage of the parties, and title thereto was then taken in the joint names of the parties. Defendant moved from the Ripon farm to the Taycheedah farm his farm machinery, feed, and cattle. The value of the machinery at the time of the marriage was $3,200. The feed which the defendant brought to the new farm after the marriage was used up seasonably thereafter. Plaintiff turned over to defendant $1,200 for living expenses, the purchase of machinery, and other purposes. At about the time the parties separated, the defendant had an auction sale of his cattle in November, 1950, and realized $5,294.88, which, by agreement of the parties, was turned over to L. J. Fellenz, Jr., who was then attorney for the husband, and who from time to time made disbursements

out of said $5,294.88 for temporary alimony, attorney fees, income-tax payments, and reduction of the farm-mortgage indebtedness.

When defendant purchased the Taycheedah farm, he had to obtain a first-mortgage loan of $8,000 thereon from the Prudential Insurance Company, which in order to make the necessary loan, required that the title to said property be in joint names of the husband and his wife although she did not contribute anything for the purchase of the farm. That loan was later reduced by defendant's payments to $6,800. He also had to execute a second mortgage on the farm in order to secure a loan of $3,250, which he borrowed from his mother in order to purchase the Taycheedah farm. All of that loan has been repaid excepting $500. Defendant also paid $540 to plaintiff as temporary alimony. At the time of the trial, he had $300 left from the proceeds of the aforementioned auction sale of the cattle.

The court decided that the defendant shall be required to repay to plaintiff the sum of $1,200 loaned by her to him and that she shall be awarded the household furniture and furnishings which were, in effect, largely furnished by her during the marriage of the parties. The court stated that considering the relatively short period of time which the parties lived together as man and wife, the facts that the present farm-mortgage liabilities amount to $7,300, and that only a small part of the accumulations of the parties were due to the efforts of the plaintiff, that if she receives an additional sum of $1,000 as a full and final division of the property between the parties, in lieu of alimony, that under all of the circumstances of the case, it would be fair, just, and equitable. The court ordered that said sum of $1,000 together with the sum of $1,200 loaned by plaintiff to defendant shall be paid to plaintiff within ninety days from the date of entry of judgment herein; and ordered an additional allowance of $100 to plaintiff's attorney to be paid by the defendant.

The trial court computed the value of the net equity of the estate to be $10,000, so that in awarding $1,000 to the plaintiff, as a division of property, he awarded to her one tenth of the total estate. While this seems a little on the low side, we cannot hold that such award constituted an abuse of discretion. Therefore the portion of the judgment appealed from must be affirmed.

*By the Court.*—Judgment affirmed.